## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| **JOHNATHAN ALLEN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **CIVIL ACTION NO. 5:18-01271** |
| **v.** | ) | |
| | ) | |
| **WARDEN D.L. YOUNG,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On August 31, 2018, Petitioner, acting *pro se*, filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. (Document No. 2).[1] In his Petition, Petitioner complains that his due process rights were violated during disciplinary proceedings causing a loss of a liberty interest in his good time credit. (Id.) Specifically, Petitioner complains that he was denied of the following: (1) the right to call witnesses; (2) the right to notice of the charges; and (3) the right to present evidence. (Id.) As relief, Petitioner requests that the Court fully restore Petitioner's disallowed good conduct time and "apply [his] 6 month loss of privileges time towards any remaining Incident Reports." (Id.)

As Exhibits, Petitioner attaches the following: (1) A copy of the "Rejection Notice – Administrative Remedy" dated August 7, 2018, from the Central Office Administrative Remedy Coordinator (Id., p. 10.); (2) A copy of Petitioner's "Central Office Administrative Remedy Appeal" dated July 18, 2018 (Id., p. 11.); (3) A copy of Regional Director Angela P. Dunbar's

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Response to Plaintiff's Regional Administrative Remedy Appeal dated July 6, 2018 (Id., p. 12.); (4) A copy of Petitioner's "Regional Administrative Remedy Appeal" dated April 12, 2018 (Id., pp. 13 - 14.); (5) A copy of the "Discipline Hearing Office Report" concerning Incident Report No. 3016879 (Id., pp. 15 – 18.); (6) A copy of Incident Report No. 3016879 (Id., pp. 19 – 21.); and (7) A copy of the "Notice of Discipline Hearing Before the DHO (Id., p. 22.).

By Order entered on September 7, 2018, the undersigned ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 6.) On September 12, 2016, Respondent filed his Response to the Order to Show Cause. (Document No. 8.) Respondent argues that Petitioner's Petition should be denied as moot because "Petitioner challenged the incident report through the administrative remedy process and the incident report was remanded for rehearing." (Id.) Respondent contends that "[o]nce Petitioner's rehearing is complete, if Petitioner is not satisfied with the outcome of the rehearing, he may challenge the disciplinary action through the administrative remedy process." (Id.)

By Order and Notice entered on September 13, 2018, the undersigned advised Petitioner of his right to file a Reply to Respondent's Response. (Document No. 9.) On September 24, 2018, Petitioner filed his Reply. (Document No. 11.) Petitioner acknowledges that the Regional Director remanded the Incident Report for a rehearing, but Petitioner contends that the Regional Director further stated that "[i]f dissatisfied with this decision you may appeal to the Office of General Counsel." (Id.) Petitioner states that he filed his appeal to the General Counsel thereby exhausting his administrative remedies. (Id.) Petitioner argues that "to remand for a rehearing will only further prejudice to Petitioner." (Id.) Petitioner alleges that the "delay has destroyed

2

evidence and distorted memories of witnesses." (Id.) Petitioner, therefore, requests that the Court expunge the disciplinary action and restore his good time credit.[2] (Id.)

On October 1, 2018, Petitioner filed his "Request to Amend Reply to Respondent's Request for Dismissal." (Document No. 14.) Petitioner explains that an Amended Reply is necessary because he just recently received a copy of Respondent's Response. (Id.) Petitioner disputes that his Petition is moot. (Id.) In support, Petitioner argues that he is actually innocent of the acts which he is being sanctioned. (Id.) Petitioner further claims that "the BOP continues to deny him meaningful relief and seeks to distort the record." (Id.) Petitioner argues that continued delay of presenting this matter to the Court will prejudice Petitioner's ability to mount an effective defense. (Id.) Next, Petitioner argues that he fully exhausted his administrative remedies. (Id.) Finally, Petitioner argues that "conflicts of material facts and errors of due process are best addressed by the Courts." (Id.) Petitioner argues that he has new evidence to support his factual innocence of the underlying Incident Report. (Id.) Accordingly, Petitioner concludes that his Petition is not moot and the Court should grant his Petition. (Id.)

## **DISCUSSION**

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, Courts consistently require prisoners to exhaust their administrative remedies prior to seeking *habeas* review under Section 2241. See McClung v. Shearin, 90 Fed.Appx. 444, 445 (4th Cir. 2004)(unpublished)(citing Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001)); Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir.

---

[2] Although Petitioner contends that he did not receive a copy of Respondent's Response, Petitioner indicates that he is aware that Respondent is arguing the Petition is rendered moot by the granting of a rehearing. (Document No. 11.) Petitioner further states that "the record is

1994). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into Court. See Jones v. Bock, 549 U.S. 199, 204, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); McCarthy v. Madigan, 503 U.S. 140, 144-45, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). The purpose of exhaustion, however, is frustrated "[w]hen an inmate attempts to exhaust an issue before the issue is ripe for review [because] the BOP is deprived of its opportunity to properly address the issue before being haled into court." Specter v. Director, 2010 WL 883733, * 4 (D.S.C. Mar. 5, 2010)(slip copy)(finding that petitioner failed to properly exhaust his claim for RRC placement because "no recommendation or decision had been made in his case yet and would not occur until 17 to 19 months prior to his anticipated release date").

The BOP has established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve his complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. Id. Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate

---

sufficient to render judgment." (*Id.*, p. 2.)

Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., § 542.15(a) and (b). If the Regional Director's response is unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c).

In the instant case, it is undisputed that Petitioner challenged the Discipline Hearing Officer's ["DHO"] decision concerning Incident Report No. 3016879 through the administrative remedy process. At the Regional Level, however, Regional Director Angela P. Dunbar remanded the Incident Report to the institution for a rehearing. (Document No. 2, p. 12.) In his Petition, Petitioner acknowledges that the rehearing has not yet occurred. The purpose of the rehearing is to address Petitioner's claim that his due process rights were violated during the initial disciplinary proceedings. When a rehearing has been granted as part of the administrative remedy

process, Courts have determined that Section 2241 Petitions concerning sanctions imposed during the initial hearing are moot. See Roja v. Driver, 2007 WL 2789471, * 3 (N.D.W.Va. Sep. 24, 2007), aff'd, 267 Fed.Appx. 302 (4th Cir. 2008)(finding that petitioner's Section 2241 petition complaining about his initial disciplinary hearing was rendered moot by the remand for rehearing); also see Mercado-Pedroza v. Warden, 2018 WL 1310008, * 3 (E.D.Tx. Feb. 13, 2018)(finding that the initial disciplinary hearing was rendered moot by the rehearing); Thompson v. Zych, 2016 WL 4532417, * 2 (W.D.Va. Aug. 29, 2016)("When prison officials set aside a disciplinary conviction and order a new hearing, "[t]hat moots any constitutional violations that may occurred in the first disciplinary hearing."); Peer v. Denham, 2015 WL 5579654, * 4 (D.Co. Sep. 23, 2015)(finding petitioner's petition moot to the extent he challenged his DHO conviction where the DHO conducted a rehearing); Martinez v. Fisher, 2015 WL 3756150, * 3 (D.Minn. June 11, 2015)(denying Section 2241 petition as moot because a rehearing had been granted); Louis v. Carlson, 2014 WL 5091720, at * 2 (E.D.N.Y. Oct. 9, 2014)(Section 2241 petition denied as moot where a rehearing was "underway"); Nasheed v. Sepanek, 2013 WL 323947, at * 2 - 3 (E.D.Ky. Jan. 28, 2013)(Section 2241 petition was denied a premature where BOP officials had not yet conducted petitioner's rehearing on the disciplinary offense charged in the incident report). Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). Accordingly, the undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. To the extent Petitioner wishes to

challenge the fairness or results of his rehearing, Petitioner should first exhaust his administrative remedies and then file a new Section 2241 petition. See Perotti v. Perdue, 2015 WL 5725810, * 5 (N.D.W.Va. Sep. 30, 2015)(finding that issues surrounding delay or procedures involving the rehearing must be addressed in a new Section 2241 petition).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 2) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct.

466, 88 L. Ed. 2d 435 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: November 20, 2018.

Omar J. Aboulhosn
United States Magistrate Judge