# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

JONATHAN ALLEN,

        Petitioner,

v.                                                           CIVIL ACTION NO. 5:18-cv-01271

WARDEN D. L. YOUNG,

        Respondent.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Petitioner's August 31, 2018 *Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus By a Person in State or Federal Custody* (Document 2), wherein the Petitioner asserts that the Bureau of Prisons improperly revoked good time credit as a result of disciplinary proceedings conducted in violation of his due process rights.

By *Standing Order* (Document 3) entered on September 4, 2018, this action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On November 20, 2018, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (PF&R) (Document 18), wherein it is recommended that the Court grant the Respondent's motion to dismiss and remove this matter from the Court's docket. The Petitioner filed his *Objections to Magistrate's Proposed Facts and Findings* (Document 20) on December 6, 2018. For the reasons stated herein, the Court finds that the Petitioner's objections should be overruled, the Magistrate Judge's PF&R adopted, and this matter dismissed.

# FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Magistrate Judge's PF&R sets forth the factual and procedural background of this case in detail. The Court hereby incorporates those factual findings, but to provide context for the ruling contained herein, provides the following summary.

The Petitioner asserts that he lost good time credit and other privileges as a result of an incident report for possession of a cellular telephone. He contends that the incident involved the conduct of another inmate with the same last name. He asserts that the other inmate, identified by a different identification number, was found guilty of the same incident report and placed in the Special Housing Unit. The Petitioner asserts that he was not notified of his rights, the disciplinary hearing officer refused to call witnesses at his request, and the process was tainted by multiple due process errors.

The Petitioner challenged the incident report through the administrative remedy process. The Regional Administrative Remedy Appeal response, issued on July 6, 2018, remanded the incident report to the institution for rehearing. The Petitioner appealed the Regional Director's decision, and on July 24, 2018, the Central Office/General Counsel rejected the appeal without considering the merits. The Petitioner initiated this case on August 31, 2018. The Respondent filed a response and motion to dismiss, asserting that the Petitioner's claim was rendered moot by the remand for a disciplinary re-hearing at the institution. The Petitioner filed multiple reply briefs arguing that a rehearing at this stage would be unfair because of loss of evidence in the months since the incident, and that the Central Office's refusal to consider his appeal of the decision remanding the incident report negates the mootness argument.

## STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

## DISCUSSION

The PF&R outlines the BOP's administrative remedy process and the case law requiring exhaustion of administrative remedies prior to seeking habeas relief under 28 U.S.C. § 2241. The PF&R notes that the Petitioner challenged the Discipline Hearing Officer's decision regarding the incident report, the Petitioner appealed administratively, and the Regional Director remanded the incident report for a rehearing, which has yet to occur. The Magistrate Judge concluded that "Section 2241 Petitions concerning sanctions imposed during the initial hearing" are moot following a remand for rehearing. (PF&R at 6.) Therefore, he recommends that the Petitioner's §2241 Petition be dismissed as moot.

The Petitioner objects, arguing that he is innocent of the conduct for which he was sanctioned, and that justice requires hearing his claims on the merits. He notes that the sanction is now over a year old, increasing the risk that evidence will be lost and witnesses unavailable. He further contends that delay at the institutional level could render relief impossible as his release date approaches and good time credit is finalized. Finally, he argues that the BOP's failure to address his appeal to the Central Office on the merits violated the terms of a contractual relationship established by the administrative remedy process.

"Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being hauled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007). Within the administrative remedy process, complaints about an initial hearing are rendered moot by a rehearing. *Rojas v. Driver*, No. CIV. A. 5:06CV88, 2007 WL 2789471, at *3 (N.D.W. Va. Sept. 24, 2007), *aff'd,* 267 F. App'x 302 (4th Cir. 2008). The remedy for a hearing that denied an inmate procedural safeguards is a hearing that complies with all due process requirements.

Here, the Petitioner succeeded in obtaining a rehearing regarding the challenged incident report. The decision to remand for a rehearing sent the issue back to the institution to conduct a hearing in compliance with the applicable procedural safeguards, as is contemplated by the rules requiring exhaustion of administrative remedies. That decision renders moot this challenge to the initial hearing and the sanctions imposed in that hearing. The decision to remand the incident report also eliminated the right to a review of the merits of the Petitioner's appeal at the next level of the administrative remedy process, because he had already succeeded in obtaining relief in the form of a new hearing. Accordingly, the Petitioner's objections should be overruled.

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Objections to Magistrate's Proposed Facts and Findings* (Document 20) be **OVERRULED** and the Magistrate Judge's *Proposed Findings and Recommendation* (Document 18) be **ADOPTED**. The Court further **ORDERS** that the motion to dismiss contained in the Respondent's *Response to Order to Show Cause* (Document 8) be **GRANTED**, that the Petitioner's *Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus By a Person in State or Federal Custody* (Document 2) be **DISMISSED,** and that this matter be removed from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Aboulhosn, to counsel of record and to any unrepresented party.

ENTER: February 27, 2019

*/s/ Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA